RICHARD ENGLAND *v.* COMMERCIAL INSURANCE COMPANY OF OHIO et al.

Where there was an actual delivery by the vendors of a steamboat to the vendee, and the vendors, who were the captain and clerk of the boat at the time of the sale, afterwards engaged their services to the vendee and took charge of the boat for him—*Held:* That it could not be considered possession of the vendors, by a precarious title, giving rise to the presumption of simulation.

APPEAL from the Sixth District Court of New Orleans, *Howell,* J. *Bentick Eagan,* for plaintiff. *Durant & Hornor,* for defendants and appellants.

VOORHIES, J.   The defendant as judgment creditor of *J. W. Langdon, W. D. Bateman, E. Mason* and *R. Moody,* formerly owners of the steamboat Lucy Holcombe, caused this property to be levied upon as if it still belonged to the judgment debtors.   The plaintiff who holds through these parties by virtue of a sale duly recorded in the Customhouse, thereupon enjoined the sale.

The question presented is, whether this transfer be simulated; for if it be real and sincere in point of fact, it is clear that however injurious it might be to creditors and tainted with fraud, their remedy could be reached only through a direct action in revocation.

The evidence leaves no doubt as to the facts that, immediately after the sale, the plaintiff assumed the control and management of the boat; that he acted as the sole owner and proprietor; that the business of the boat was carried on in his name, he being personally liable for the debts and expenses; and finally that he was actually paid the debts, which, in the bill of sale, he had assumed to pay, amounting to over ten thousand dollars.

It has been argued that it is highly improbable that the plaintiff, being a fish-monger at the market house, could have purchased a boat for the sum of forty thousand dollars; but, by reference to the tax roll, it appears that his real estate is assessed at nearly twenty thousand dollars; and, besides, that his credit is good in bank.   And then the terms of the sale are looked upon as unusual; for one-half of the price is stipulated to be paid in four installments running from twelve to twenty-four months, the purchaser furnishing only his individual notes.   This leads us to consider the presumption of simulation, which, the defendant contends, is raised in this case from the fact that the vendors remained on board of the boat in the capacity of captain and clerk.   And, in this connection it is proper to add that these parties had so officiated previously to the sale or transfer; and that it was after the delivery of the boat that they were employed by the plaintiff in their respective callings.

Under the provisions of Article 2456, when the seller retains possession by a precarious title, this gives rise to a presumption of simulation; and it is then incumbent upon the parties, with regard to third persons, to show that they were acting in good faith, and to establish the sincerity of the contract.   The last Article of the Civil Code (3522) defines the term *precarious:* "That possession is called precarious, which one enjoys by the leave of another, and during his pleasure.   The title, which excludes the ownership, such as a lease, is also called precarious."

The question then arises whether the vendors, in the present case, retained the possession of the Lucy Holcombe, and whether that possession was precarious.

The vendors came back on the boat as employees of the vendee : they were charged with the administration of its affairs, as is usually the case when parties are engaged to command a vessel or to act in the capacity of clerks. And, in point of fact, there had been a delivery from the vendors to the vendees, after which the latter engaged the former's services. It cannot with propriety be said that the vendees retained the possession of the Lucy Holcombe ; nor that their possession as captain and clerk was precarious in the sense of the Code. They were not on board merely by the leave of the owner nor during his pleasure : they were there by virtue of a contract. Nor did they have possession to the exclusion of the plaintiff's right of ownership : they had hired their services to him, and their possession was his possession.

There was consequently no presumption of simulation in the way of the plaintiff, but, had there been, we are not prepared to say that he has not fully rebutted this presumption, and shown the reality and good faith of the transaction.

Judgment affirmed.